

**NUMBER 13-11-00701-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI** – **EDINBURG**

---

**THE STATE OF TEXAS,**                                   **Appellant,**

**v.**

**SHIRLEY COPELAND,**                                        **Appellee.**

---

**On appeal from the County Court at Law No. 1
of Victoria County, Texas.**

---

## MEMORANDUM OPINION ON REMAND

**Before Chief Justice Valdez and Justices Garza and Longoria
Memorandum Opinion on Remand by Chief Justice Valdez**

This interlocutory appeal by the State, challenging the trial court's order granting a motion to suppress filed by appellee, Shirley Copeland, is before this Court on second remand from the Texas Court of Criminal Appeals. *See State v. Copeland*, 380 S.W.3d 214 (Tex. App.—Corpus Christi 2012) ("*Copeland I*"), *rev'd & remanded*, 399 S.W.3d 159,

162 (Tex. Crim. App. 2013); *see also State v. Copeland*, No. 13–11–00701–CR, 2013 WL 6588031, at *1 (Tex. App.—Corpus Christi Dec. 12, 2013), *rev'd & remanded*, No. PD1802–13, 2014 WL 5508985, at *6 (Tex. Crim. App. Oct. 22, 2014). As instructed by the Texas Court of Criminal Appeals, we will address the State's failure on appeal to challenge an alternative ground for the trial court's grant of the motion to suppress. We affirm.

## I.    FACTUAL BACKGROUND

One evening in 2011, Deputy Garza of the Victoria County Sheriff's Office was observing a house known for illegal-narcotics activity. He saw a sport utility vehicle ("SUV") approach the house and observed Copeland, the passenger, get out of the SUV, leave the deputy's sight, and return to the SUV after several minutes. After the SUV left the house, the deputy stopped the driver of the SUV, Wayne Danish, for a traffic violation.

Garza asked Danish to step outside the vehicle for questioning. Suspecting possible narcotics activity, the deputy asked Danish for consent to search the SUV. Danish agreed, but Copeland refused. She claimed to be the owner of the SUV even though she was not listed as the owner on the vehicle registration. Copeland and Danish also informed the deputy that they were married under common law. Although Copeland continued to refuse consent, Danish again consented, and the deputy searched the SUV. After finding two white pills, later identified as Tramadol, in the middle console, the deputy arrested and charged Copeland with misdemeanor possession of a dangerous drug. *See* TEX. HEALTH & SAFETY CODE § 483.041(a).

*Copeland*, 2014 WL 5508985, at *1.

## II.    APPELLATE HISTORY

In *Copeland I*, relying on *Georgia v. Randolph*, 547 U.S. 103, 123 (2006), we affirmed the trial court's ruling that Copeland's refusal to grant permission for the search negated the driver/owner's consent because the officer was required to have received Copeland's consent under principles of co-occupant consent rules, which generally apply only to a residence or property located at the residence. *Copeland*, 380 S.W.3d at 220–

2

21.[1] The Texas Court of Criminal Appeals reversed our judgment, stating: "Is a vehicle a mobile 'castle' so that passengers are treated the same as tenants who may disallow police to search a residence after a fellow tenant has consented to the search? Concluding that it is not, we decline to extend the holding in [*Randolph*, 547 U.S. at 123], from residences to vehicles." *See Copeland*, 399 S.W.3d at 159–60. The court of criminal appeals remanded the case for us to "determine whether the trial court's ruling on the motion to suppress must be upheld on the alternative ground asserted in appellee's motion." *Id.* at 162.[2] Upon remand, we did not address this issue, and instead, we determined that "the State failed to argue, prove, or purport to prove that the consent was granted freely and voluntarily." *Copeland*, 2013 WL 6588031, at *1. We affirmed the trial court's judgment on that basis. *Id.* The Court of Criminal Appeals reversed our judgment and remanded the case again, instructing as follows:

> Having determined that the procedural default found by the court of appeals was in error, we again remand this case for the court to address the matter of a possible procedural default that we noted in our original opinion in this case. In our original opinion, we noted that Copeland's written motion to suppress had also argued as an alternative ground that the length of the detention was unreasonable and that the State had failed to challenge that theory in its appellate brief to the court of appeals. We, therefore, remand this case for the court of appeals to address this matter in the first instance.

---

[1] "In *Randolph*, the Supreme Court held that a warrantless search of a shared dwelling over the express refusal of consent by a physically present resident cannot be justified as reasonable as to that resident on the basis of consent given by another resident." *State v. Copeland*, 399 S.W.3d 159, 163 (Tex. Crim. App. 2013) (citing *Georgia v. Randolph*, 547 U.S. 103, 122–23 (2006)).

[2] *See also State v. Copeland*, No. 13–11–00701–CR, 2013 WL 6588031, at *3 (Tex. App.—Corpus Christi Dec. 12, 2013), *rev'd & remanded*, No. PD1802–13, 2014 WL 5508985, at *6 (Tex. Crim. App. Oct. 22, 2014) ("This Court, therefore, remanded the case for the court of appeals to address the question of procedural default in the first instance with respect to Copeland's alternative argument in her motion to suppress that the length of the detention was unreasonable, and to consider whether the trial court's findings of fact and conclusions of law were adequate to resolve the disputed issues before the court or whether abatement for additional fact findings might be necessary.").

*Copeland*, 2013 WL 6588031, at *6. Accordingly, we will address this matter as instructed.

## II.    APPLICABLE LAW

A party procedurally defaults its challenge to the trial court's decision on a motion to suppress by failing to challenge all grounds which support the trial court's decision. *Copeland*, 2014 WL 5508985, at *4.

> It is a long-standing rule that an appellate court must uphold the trial court's order on a motion to suppress "on any theory of law applicable to the case," even if the trial court did not purport to rely on that theory in making its ruling. The only limitation to this rule is that it applies to legal theories presented at trial and on which the appellant was fairly called upon to adduce evidence.

*Id.* at *5.

## III.    DISCUSSION

Here, appellee argued in her motion to suppress that under *Terry v. Ohio*, 392 U.S. 1 (1968), "the detention by law enforcement was not reasonably related in scope to either the circumstances that justified the stop nor was it to dispel any reasonable suspicion that developed during the stop." The State stipulated that this case involved a warrantless detention; thus, the burden of proof shifted to the State to establish the reasonableness of the warrantless detention. *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005).

At the motion to suppress hearing, the State argued that the police officer had a reasonable basis to detain Copeland during the stop and "that his reason for the initial stop had not yet been concluded. . . ." The State cited *Terry*, arguing that the trial court could evaluate "the reasonableness of temporary detention in terms of the totality of the circumstances." The State stated, "[T]he totality of the circumstances in this case warranted an extended detention of the vehicle and the passengers within" and "the

4

detention did not last longer than the time required for this officer, a diligent officer, to accomplish the objective purpose of the stop and that the simple fact that it was a vehicle stop in and of itself created exigent circumstances that warranted the extended detention."[3]

Thus, the trial court was required to conduct an analysis regarding the reasonableness of the length of the detention, making this theory applicable to the case, and appellant, the State, "was fairly called upon to adduce evidence" at the motion to suppress hearing on that issue.[4] *See Copeland*, 2014 WL 5508985, at *5. However, on appeal, the State has not challenged the trial court's order granting Copeland's motion to suppress on the basis that the length of the detention was unreasonable. Because of this procedural default by the State, we must uphold the trial court's order.[5] *See id.*

## IV. CONCLUSION

---

[3] After the State presented its evidence, Copeland's trial counsel argued, among other things, that the officer had illegally detained Copeland because the officer lacked a reasonable suspicion to believe a crime had been committed and asked the trial court to grant the motion to suppress on, among other things, that basis.

[4] A prolonged detention exceeding the scope of the initial traffic stop when an officer lacks reasonable suspicion that a crime has been or will be committed may require that any evidence obtained during this extended detention to be suppressed. *See Terry v. Ohio*, 392 U.S. 1, 18–19 (1968); *Davis v. State*, 947 S.W.2d 240, 243 (Tex. Crim. App. 1997) ("An investigative stop must be temporary and must not last longer than necessary to accomplish the purpose of the investigation."); *see also Kothe v. State*, 152 S.W.3d 54, 65 (Tex. Crim. App. 2004) ("Only if a license check 'unduly prolongs' the detention is the officer's action unreasonable under the circumstances."); *Garza v. State*, No. 13–12–00240–CR, 2013 WL 3378325, at *10 (Tex. App.—Corpus Christi July 3, 2013, pet. ref'd) (mem. op., not designated for publication) (concluding that the facts articulated by the officer did not warrant a person of reasonable caution to believe that the appellant was committing or had committed a crime was reasonable to extend the duration of the initial traffic stop and concluding that the trial court abused its discretion by denying the appellant's motion to suppress) (citing *Terry*, 392 U.S. at 21–22; *Davis*, 947 S.W.2d at 243).

[5] We note that we need not abate the case and remand it to the trial court for findings of fact regarding the issue of whether the length of the detention was reasonable because we are required to do so only when "the findings that are made by a trial court are so incomplete that [we are] *unable to make a legal determination.*" *See State v. Saenz*, 411 S.W.3d 488, 495 (Tex. Crim. App. 2013) (emphasis added). In this case, because the State has not challenged the grant of the motion to suppress on the basis that it met its burden of showing that the length of the detention was reasonable, there is no legal determination for us to make. *See id.*

We affirm the trial court's grant of Copeland's motion to suppress.

**/s/ Rogelio Valdez**
ROGELIO VALDEZ
Chief Justice

Do not Publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
12th day of November, 2015.